IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TYRUS JONES, #287250, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:14-CV-606-WKW |
| ) | [WO] |
| ) | |
| CORIZON, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

In this 42 U.S.C. § 1983 action, Tyrus Jones ("Jones"), a state inmate, challenges the adequacy of medical treatment provided to him for urinary tract and kidney infections resulting from his use of an indwelling catheter while incarcerated at the Kilby Correctional Facility ("Kilby"). Jones names Corizon, the contract medical care provider for the Alabama prison system, and Dallas Diaz, Kevin Brown, and Desiree Neal, identified by Jones as Ms. Neil, all nurses at Kilby during the time period relevant to the complaint, as defendants in this cause of action.

The defendants filed a special report and supporting evidentiary materials addressing Jones' claims for relief. In these documents, the defendants assert that the complaint is due to be dismissed because Jones failed to exhaust an administrative remedy available to him through Corizon prior to initiation of this case. *Defendants' Special Report - Doc. No. 31* at 6-8, 19-21. The defendants base their exhaustion defense on the plaintiff's failure to

appeal responses to grievances filed regarding the claims pending before this court as allowed by Corizon's grievance procedure before seeking relief from this court. In addition, the defendants maintain and the medical records compiled contemporaneously with the treatment provided to Jones indicate that the defendants did not act with deliberate indifference to Jones' medical needs. *Id*. at 8-18, 22-27.

"[A]n exhaustion defense . . . is not ordinarily the proper subject for a summary judgment; instead it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment." *Bryant v. Rich*, 530 F.3d 1368, 1374-75 (11th Cir. 2008) (internal quotations omitted). Therefore, the court will treat the defendants' report as a motion to dismiss. *Id*.; *Order of September 18, 2014 - Doc. No. 34*.

## II. STANDARD OF REVIEW

The Eleventh Circuit has determined that "the question of exhaustion under the PLRA [is] a 'threshold matter' that [federal courts must] address before considering the merits of the case. *Chandler v. Crosby*, 379 F.3d 1278, 1286 (11th Cir. 2004). Because exhaustion is mandated by the statute, [a court has] no discretion to waive this requirement. *Alexander v. Hawk*, 159 F.3d 1321, 1325-26 (11th Cir. 1998)." *Myles v. Miami-Dade Cnty. Corr. & Rehab. Dep't*, 476 F. App'x 364, 366 (11th Cir. 2012). Based on the foregoing, the court will "resolve this issue first." *Id.*

> When deciding whether a prisoner has exhausted his remedies, the court should first consider the plaintiff's and the defendants' versions of the facts, and if they conflict, take the plaintiff's version of the facts as true. "If in that light, the defendant is entitled to have the complaint dismissed for failure to

exhaust administrative remedies, it must be dismissed." *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008) (citing *Bryant*, 530 F.3d at 1373-74). If the complaint is not subject to dismissal at this step, then the court should make "specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.* (citing *Bryant*, 530 F.3d at 1373-74, 1376).

*Myles*, 476 F. App'x at 366.

Upon review of the undisputed facts of this case as evidenced by the evidentiary materials filed by the defendants, the court concludes that the defendants' motion to dismiss is due to be granted.

### III.  DISCUSSION

Jones challenges the constitutionality of medical treatment he received for infections resulting from his use of catheters to void urine.  In response to the complaint, the defendants deny Jones' allegations and further argue that this case is subject to dismissal because Jones failed to properly exhaust the administrative remedy supplied via the medical care provider prior to filing this complaint as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

The Prison Litigation Reform Act compels exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must

exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998); *Woodford v. Ngo*, 548 U.S. 81 (2006). Moreover, "the PLRA exhaustion requirement requires **proper exhaustion**." *Woodford*, 548 U.S. at 93 (emphasis added).

> Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings. . . . Construing § 1997e(a) to require proper exhaustion . . . fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage.

*Id.* The Court reasoned that because proper exhaustion of administrative remedies is necessary an inmate cannot "satisfy the Prison Litigation Reform Act's exhaustion requirement . . . by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to her. 548 U.S. at 83-84; *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005) (inmate who files an untimely grievance or simply spurns the administrative process until it is no longer available fails to

satisfy the exhaustion requirement of the PLRA). "*The only facts pertinent to determining whether a prisoner has satisfied the PLRA's exhaustion requirement are those that existed when he filed his original complaint*." *Smith v. Terry*, 491 F. App'x 81, 83 (11th Cir. 2012) (per curiam) (emphasis added).

The record in this case is undisputed that the health care provider for the Alabama Department of Corrections provides a grievance procedure for inmate complaints related to the provision of medical treatment. This procedure, as it relates to the claims presented by Jones, is described as follows:

> Like the other institutions with[in] the ADOC system, Kilby maintains a well-established grievance procedure for any inmate who wishes to voice a complaint regarding any medical treatment he has sought or received during his incarceration at Kilby. The initial orientation process at Kilby also includes educating inmates as to the availability of the grievance process. The existence of Kilby's grievance procedure is well-known among the prison population, as evident by the fact that the Health Services Administrator ("HSA") at Kilby, receives inmate requests and/or inmate grievances on a daily basis. The physicians, nurse practitioners, nurses and other medical personnel at Kilby attempt to resolve all inmate concerns prior to an "inmate grievance" being submitted. The grievance process is initiated when an inmate submits a Medical Grievance form to the HSA through the institutional mail system. After receiving a Medical Grievance form, the HSA [or her designee] reviews it and provides a written response [to the grievance] within ten (10) business days of receipt.
>
> The HSA's response to a Medical Grievance is included on the bottom portion of the same form containing an inmate's Medical Grievance. Below the portion of the form designated for the "Response," the following notation appears:
>> IF YOU WISH TO APPEAL A GRIEVANCE RESPONSE YOU MAY FILE A <u>GRIEVANCE APPEAL</u>. RETURN THE COMPLETED FORM TO THE ATTENTION OF THE HEALTH SERVICE ADMINISTRATOR. YOU MAY PLACE THE FORM IN THE SICK CALL

5

> REQUEST BOX OR GIVE IT TO THE SEGREGATION SICK CALL NURSE ON ROUNDS.
>
> As stated in the Medical Grievance forms, the second step of the grievance process involves the submission of a Medical Grievance Appeal (also referred to as an "Appeal"). . . . Grievance forms are available from [the Health Care Unit and] from correctional officers at Kilby. Inmates are instructed to place completed Medical Grievances and Medical Grievance Appeals forms in the medical complaint box[es] located throughout the facility. When received in the Health Care Unit, the medical records clerk or administrative assistant sends the Grievance forms to [the HSA]. The HSA [or her designee] reviews these grievances daily, provide[s] written responses within ten (10) business days at the bottom of the form and return[s] a copy of the completed forms to the inmates. The [medical staff] encourages inmates who have complaints about the medical care they have sought or received at Kilby to utilize this grievance process.
>
> During his incarceration, Mr. Jones submitted three (3) Inmate Grievances dated May 26, 2014, June 4, 2014 and June 16, 2014. In the first Inmate Grievance dated May 26, 2014, Plaintiff complained about the availability of supplies for his catheter as well as recurring urinary tract infections. The medical staff responded on May 29, 2014, noting that the medical staff had addressed these issues with Mr. Jones and specifically reminded Mr. Jones that he should request new supplies from the medical staff when supplies were needed rather than simply rinsing and re-using unsuitable catheters. On June 4, 2014, Mr. Jones filed an Inmate Grievance complaining that he did not have a sufficient amount of supplies for his in-dwelling catheter. In response, the HSA notified Mr. Jones in writing that he should simply notify the medical staff directly or request that a correctional officer notify the medical staff of his need for additional supplies. In the June 16, 2014, Inmate Grievance, Mr. Jones asked about a change in the health code assigned to him for classification purposes. Mr. Jones never filed any formal Grievance Appeal after the submission of his Inmate Grievances, and, therefore, did not at any time express any dissatisfaction or disagreement with the medical staff's response to his Grievances.

*Defendant's Exhibit 4 (Aff. of Marianne Baker, CRNP) - Doc. No. 31-4* at 5-6 (citations to

medial records and paragraph numbering omitted).

Upon review of the arguments set forth by the defendants, the court entered an order

which provided Jones an opportunity to file a response to the arguments set forth by the defendants in which he was advised to "specifically address the defendants' assertion[] that . . . [h]is claims are due to be dismissed because he failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act" prior to filing this federal civil action. *Order of September 18, 2014 - Doc. No. 34* at 1. The time allowed Jones to file his response expired on October 8, 2014. As of the present date, Jones has filed no response to this order.

The evidentiary materials filed by the defendants demonstrate that Jones failed to file the requisite grievance appeal(s) prior to initiation of this federal civil action. Jones does not dispute his failure to fully exhaust the administrative remedy available in the prison system prior to filing this case. In addition, there is nothing before the court which justifies Jones' failure to exhaust the grievance procedure provided by Corizon. Consequently, the court concludes that this case is subject to dismissal without prejudice as Jones failed to properly exhaust an administrative remedy available to him which is a precondition to proceeding in this court on such claim. *Woodford*, 548 U.S. at 87-94; *Bryant*, 530 F.3d at 1374-75 (dismissal for failure to exhaust an administrative remedy when the remedy remains available is not an adjudication of the merits and is without prejudice).

### IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The defendants' motion to dismiss be GRANTED to the extent the defendants seek

dismissal of this case due to the plaintiff's failure to properly exhaust an administrative remedy available to him prior to filing this federal civil action.

2.  This case be dismissed without prejudice in accordance with the provisions of 42 U.S.C. § 1997e(a) for the plaintiff's failure to properly exhaust an available administrative remedy.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **November 7, 2014**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions

of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 24th day of October, 2014.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE